IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
|  | ) |  |
| Asid Mohamad, *et al.*, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 1:17-cv-02385 (LAP) |
|  | ) |  |
| Jibril Rajoub | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)

**PLEASE TAKE NOTICE** that upon the annexed Memorandum of Law, dated May 26, 2017, and the Declaration of Gassan A. Baloul, dated May 26, 2017, and the exhibits attached thereto, the Defendant Jibril Rajoub, by counsel, respectfully moves this Court before the Honorable Loretta A. Preska, United States District Judge of the United States District Court for the Southern District of New York, for an Order dismissing Plaintiffs' Complaint for the following reasons:

1.      *Res judicata* precludes Plaintiffs from pursuing this action against Mr. Rajoub. Plaintiffs previously filed an action against Mr. Rajoub based on the same operative facts alleged in the Complaint, then voluntarily dismissed with prejudice their claims against Mr. Rajoub. Each of the claims Plaintiffs assert against Mr. Rajoub here either actually was, or could have been, asserted in their prior lawsuit. *Res Judicata* is a complete bar to Plaintiffs' Complaint.

2.      Plaintiffs' claims under the Torture Victim Protection Act (28 U.S.C. § 1350, note) ("TVPA"), the Alien Tort Statute (28 U.S.C. § 1350), and New York law are barred by the applicable statute of limitations.

3.      This Court lacks personal jurisdiction over Mr. Rajoub.  Plaintiffs did not allege that Mr. Rajoub is "at home" in New York or that he has any suit-related contacts with New York.  Any theory of "transient" personal jurisdiction over Mr. Rajoub does not comport with due process.

4.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted under the Alien Tort Statute.  Plaintiffs are all United States citizens and the plain language of the Alien Tort Statute provides a right to relief only on behalf of aliens.  Additionally, Plaintiffs cannot overcome the statutory presumption against extraterritorial application, which applies here, because all of the alleged conduct occurred outside the United States.

5.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted under the TVPA because the alleged acts were not committed under authority or color of law of a "foreign nation," Plaintiffs have not established their standing to seek damages on behalf of Azzam Rahim, and Plaintiffs failed to allege facts that plausibly demonstrate Mr. Rajoub acted under authority or color of law or that they have exhausted local remedies.

6.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted under federal common law for violations of the "law of nations."  28 U.S.C. Section 1331 does not provide a substantive right to relief for an alleged violation of international law and claims based on the "law of nations" are cognizable, if at all, only under the Alien Tort Statute.

7.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted under state common laws because Plaintiffs' state common law claims are duplicative and lacking sufficient facts to support any recognizable claim.

For these reasons, and those set forth in the accompanying Memorandum of Law in Support, incorporated herein by reference, Mr. Rajoub respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice and without leave to amend.

Dated: May 26, 2017                                    Respectfully submitted,

*s/ Gassan A. Baloul*
Gassan A. Baloul (GB-4473)
SQUIRE PATTON BOGGS (US) LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone:  (212) 872 9800
Facsimile:  (212) 872 9815
Email:  gassan.baloul@squirepb.com

Mitchell R. Berger (MB-4112)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street NW
Washington, D.C. 20037
Telephone:  (202) 457 5601
Facsimile:  (202) 457 6315
Email:  mitchell.berger@squirepb.com

*Attorneys for Defendant Jibril Rajoub*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2017, a true and correct copy of the foregoing was electronically filed through the Court's CM/ECF system, which will automatically serve all counsel of record.

*s/ Gassan A. Baloul*
Gassan A. Baloul