# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| Asid Mohamad, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:17-cv-02385 (LAP) |
| Jibril Rajoub | ) ) ) | |
| Defendant. | ) ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Gassan A. Baloul (GB-4473)
SQUIRE PATTON BOGGS (US) LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone:  (212) 872 9800
Facsimile:  (212) 872 9815
Email:  gassan.baloul@squirepb.com

Mitchell R. Berger (MB-4112)
John A. Burlingame (*pro hac* pending)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street NW
Washington, D.C. 20037
Telephone:  (202) 457 5601
Facsimile:  (202) 457 6315
Email:  mitchell.berger@squirepb.com
Email:  john.burlingame@squirepb.com

*Attorneys for Defendant Jibril Rajoub*

# **TABLE OF CONTENTS**

                                                                          **Page**

I.    *RES JUDICATA* BARS PLAINTIFFS' CLAIMS .................................................................. 1

II.   THE STATUTE OF LIMITATIONS BARS PLAINTIFFS' CLAIMS BROUGHT UNDER NEW YORK LAW AND THE TVPA .................................................................. 4

III.  THIS COURT LACKS PERSONAL JURISDICTION OVER MR. RAJOUB ............... 6

IV.  PLAINTIFFS' TVPA CLAIM FAILS ............................................................................... 8

V.   PLAINTIFFS' CLAIMS FOR ALLEGED VIOLATIONS OF THE LAW OF NATIONS UNDER 28 U.S.C. SECTION 1331 SHOULD BE DISMISSED ................... 9

VI.  PLAINTIFFS' COMMON LAW CLAIMS SHOULD BE DISMISSED ......................... 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arias v. Napolitano*,
  2014 U.S. Dist. LEXIS 94570 (S.D. Ohio July 2, 2014) ...................................................... 2

*BNSF Ry. Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017) ........................................................................................................ 7

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
  137 S. Ct. 1773 (2017) ........................................................................................................ 7

*Burnham v. Super. Ct. of Cal.*,
  495 U.S. 604 (1990) .................................................................................................... 1, 6, 7

*Camreta v. Greene*,
  563 U.S. 692 (2011) ............................................................................................................ 7

*Center for Reproductive Law & Policy v. Bush*,
  304 F.3d 183 (2d Cir. 2002) ................................................................................................ 7

*Chicot Cty. Drainage Dist. v. Baxter State Bank*,
  308 U.S. 371 (1940) ............................................................................................................ 3

*Chowdhury v. Worldtel Bangl. Holding, Ltd.*,
  588 F. Supp. 2d 375 (E.D.N.Y. 2008) ................................................................................. 9

*Cooney v. William Robinson Dairy, Inc.*,
  744 F. Supp. 841 (N.D. Ill. 1990) ....................................................................................... 2

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ...................................................................................................... 6, 7

*Derr v. Swarek*,
  766 F.3d 430 (5th Cir. 2014) .............................................................................................. 2

*Durney v. Wavecrest Labs., LLC*,
  441 F. Supp. 2d 1055 (N.D. Cal. 2005) .............................................................................. 2

*Gliklad v. Deripaska*,
  2017 N.Y. Misc. LEXIS 1499 (N.Y. Sup. Ct. Apr. 25, 2017) ............................................ 7

*Hengjin Sun v. China 1221, Inc.*,
  2015 U.S. Dist. LEXIS 128637 (S.D.N.Y. Aug. 12, 2015) ................................................ 6

*Indep. Order of Foresters v. Donaldson, Lufkin & Jenrette Inc.*,
  919 F. Supp. 149 (S.D.N.Y. 1996) .................................................................................... 10

*Int'l Marine, LLC v. FDT, LLC*,
  2015 U.S. Dist. LEXIS 84863 (E.D. La. June 29, 2015) .................................................... 2

*Kadic v. Karadzic*,
  70 F.3d 232 (2d Cir. 1995) ............................................................................................. 8, 9

*Kiernozek v. N.Y. State Dep't of Taxation & Fin.*,
    2014 U.S. Dist. LEXIS 100960 (N.D.N.Y. May 1, 2014) ...................................................... 1

*Kiernozek v. N.Y. State Dep't of Taxation & Fin.*,
    2014 U.S. Dist. LEXIS 99731 (N.D.N.Y. July 23, 2014) ..................................................... 2

*Nemaizer v. Baker*,
    793 F.2d 58 (2d Cir. 1986) .............................................................................................. 1, 3

*Perry v. Tarry*,
    1997 U.S. Dist. LEXIS 23837 (N.D. Ill. Apr. 16, 1997) ......................................................... 2

*Plitman v. Leibowitz*,
    990 F. Supp. 336 (S.D.N.Y. 1998) .................................................................................... 4, 5

*Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*,
    534 F.2d 1012 (2d Cir. 1976) ................................................................................................ 4

*Robinson v. Purcell Constr. Corp.*,
    647 F. App'x 29 (2d Cir. 2016) ............................................................................................. 4

*Samuels v. N. Telecom, Inc.*,
    942 F.2d 834 (2d Cir. 1991) ........................................................................................ 1, 3, 4

*San Remo Hotel, L.P. v. City & Cty. of S.F.*,
    545 U.S. 323 (2005) ............................................................................................................... 4

*Schmidt v. Polish People's Republic*,
    742 F.2d 67 (2d Cir. 1984) .................................................................................................... 5

*Seale v. INS*,
    323 F.3d 150 (1st Cir. 2003) .................................................................................................. 7

*Shah v. Helen Hayes Hosp.*,
    252 F. App'x 364 (2d Cir. 2007) ........................................................................................... 9

*Sikhs for Justice v. Nath*,
    893 F. Supp. 2d 598 (S.D.N.Y. 2012) ................................................................................... 6

*Sosa v. Alvarez-Machain*,
    542 U.S. 692 (2004) ............................................................................................................... 9

*Steiner v. Atochem, S.A.*,
    2002 U.S. Dist. LEXIS 14848 (S.D.N.Y. Aug. 13, 2002) ..................................................... 1

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ........................................................................................................... 7

*Warfield v. AlliedSignal TBS Holdings, Inc.*,
    267 F.3d 538 (6th Cir. 2001) ................................................................................................. 2

*Weiss v. Hunna*,
    312 F.2d 711 (2d Cir. 1963) ................................................................................................. 10

*Wright v. Ernst & Young LLP*,
    152 F.3d 169 (2d Cir. 1998) .................................................................................................. 9

*Wultz v. Bank of China Ltd.*,
    306 F.R.D. 112 (S.D.N.Y. 2013) ........................................................................................5, 6

*Yarusso v Arbotowicz*,
    362 N.E.2d 600 (N.Y. 1977) ..................................................................................................5

*Zivotofsky v. Kerry*,
    135 S. Ct. 2076 (2015) ............................................................................................................8

**Statutes**

28 U.S.C. § 1331 .............................................................................................................................9

28 U.S.C. § 1350 note 2(a) (1991) ..................................................................................................8

**Other Authorities**

N.Y. C.P.L.R. § 207 .....................................................................................................................4, 5

Rule 41(a)(1) .................................................................................................................................1, 2

Plaintiffs' Opposition ignores on-point authority explaining why *res judicata* bars all Plaintiffs' claims, fails to reconcile Justice Brennan's plurality opinion in *Burnham v. Superior Court of California*, 495 U.S. 604 (1990) with subsequent Supreme Court decisions restricting personal jurisdiction over individuals, and asks this Court to be the first in the United States to declare Palestine a "foreign nation." For these reasons, and others explained below, this Court should grant Mr. Rajoub's Motion to Dismiss.[1]

## I.    *Res Judicata* Bars Plaintiffs' Claims.

Plaintiffs' Opposition leaves undisputed two facts that require dismissal of this duplicative action based on *res judicata*: (1) Plaintiffs voluntarily dismissed Mr. Rajoub, **with prejudice**, from *Mohamad I*;[2] and (2) this action is based on the same operative facts alleged in *Mohamad I*. *See* Mot. at 4-5 (citing *Samuels v. N. Telecom, Inc.*, 942 F.2d 834 (2d Cir. 1991) and *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986)).

Plaintiffs' argument against application of *res judicata* suffers from at least four critical errors. <u>First</u>, Plaintiffs are wrong to claim that *Samuels* and *Nemaizer* are not binding here because those cases involved stipulated dismissals, not a unilateral dismissal. A unilateral dismissal with prejudice has the same *res judicata* effect in a later-filed duplicative action as a stipulated dismissal with prejudice. *See, e.g.*, *Steiner v. Atochem, S.A.*, 2002 U.S. Dist. LEXIS 14848, at *13-14 (S.D.N.Y. Aug. 13, 2002) (holding that a unilateral dismissal with prejudice barred a later-filed action, after construing the dismissal as one under Rule 41(a)(1)); *Kiernozek v. N.Y. State Dep't of Taxation & Fin.*, 2014 U.S. Dist. LEXIS 100960, at *6-7 (N.D.N.Y. May

---

[1] Plaintiffs' "abandon[ed]" their frivolous claim brought pursuant to the Alien Tort Statute ("ATS") in response to Mr. Rajoub's Motion. *See* Opp. at 1, n.1.

[2] As in Mr. Rajoub's Motion, "*Mohamad I*" refers to *Asid Mohamad, et al. v. Jibril Rajoub, et al.*, Case No. 08-01800 (D.D.C. 2008).

1

1, 2014)[3] (holding that the plaintiff's unilateral dismissal with prejudice in an earlier suit "serve[d] as a final determination on the merits" which barred a later-filed action).[4]

Second, Plaintiffs' failure to serve Mr. Rajoub with process in *Mohamad I* does not preclude application of *res judicata*. Plaintiffs cite no on-point authority to support this assertion[5] and ignore the authority in Mr. Rajoub's Motion that directly contradicts it. In *Derr* (cited in Mr. Rajoub's Motion on page 6) the Fifth Circuit held that a unilateral dismissal with prejudice in a first-filed action bars a second suit based on the same facts, even though the court lacked personal jurisdiction over the defendant in the first action because he was never properly served. *Derr*, 766 F.3d at 440-41; *see also Int'l Marine, LLC v. FDT, LLC*, 2015 U.S. Dist. LEXIS 84863, at *13-15 (E.D. La. June 29, 2015) (rejecting argument that lack of personal jurisdiction rendered a unilateral notice of voluntary dismissal with prejudice void as a matter of law); *Arias*, 2014 U.S. Dist. LEXIS 94570, at *7-8 ("Plaintiff asserts that the court's dismissal of

---

[3] Adopted in part and rejected on different grounds by *Kiernozek v. N.Y. State Dep't of Taxation & Fin.*, 2014 U.S. Dist. LEXIS 99731, at *4-5 (N.D.N.Y. July 23, 2014).

[4] *See also Derr v. Swarek*, 766 F.3d 430, 439-41 (5th Cir. 2014) (holding that a unilateral dismissal with prejudice in an earlier action was a final judgment on the merits "invoking a *res judicata* bar to re-asserting the dismissed claims" against the defendants in a later-filed action); *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541 (6th Cir. 2001) (refusing to vacate the plaintiff's unilateral notice of dismissal with prejudice, which the court noted was the "legally operative act of dismissal pursuant to Rule 41(a)(1)(i)"); *Arias v. Napolitano*, 2014 U.S. Dist. LEXIS 94570, at *5-10 (S.D. Ohio July 2, 2014) (dismissing action because the plaintiffs' unilateral dismissal with prejudice in an earlier duplicative action was "the legally operative principle necessary to satisfy *res judicata's* requirement of a final decision on the merits"); *Perry v. Tarry*, 1997 U.S. Dist. LEXIS 23837, at *13 (N.D. Ill. Apr. 16, 1997) ("Logic dictates that plaintiff's voluntary motion to dismiss with prejudice should be treated no differently than an agreement between the parties to do the same."); *Durney v. Wavecrest Labs., LLC*, 441 F. Supp. 2d 1055, 1059 (N.D. Cal. 2005) (holding that a unilateral dismissal with prejudice was a final adjudication on the merits that barred a second-filed suit).

[5] Plaintiffs' Opposition solely relies on *Cooney v. William Robinson Dairy, Inc.*, 744 F. Supp. 841 (N.D. Ill. 1990) to support this argument. Unlike here, *Cooney* did not involve the *res judicata* effect of a prior voluntary dismissal with prejudice; *Cooney* addressed the legal significance of a notice of voluntary dismissal that, unlike here, was without prejudice, and is inapposite.

2

*Arias II* is void because that court lacked subject matter jurisdiction over the case . . . [h]owever, it was Plaintiff's unilateral notice of voluntary dismissal of all claims with prejudice that acted as the legally operative fact of dismissal, not the court's subsequent order to the same effect."); *cf. Samuels*, 942 F.2d at 837 (holding that a voluntary dismissal with prejudice barred a second-filed suit "even though the district court may not have had jurisdiction" in the first suit). The *res judicata* bar in this case results from the voluntary dismissal with prejudice in *Mohamad I*, not from the follow-on entry of judgment in that case. *See* Mot. at 5-6 & n.8. Plaintiffs' protracted focus on the District of Columbia's entry of judgment (Opp. at 6-8) therefore is beside the point.

Third, despite Plaintiffs' claims (Opp. at 10), there is no indication in Plaintiffs' voluntary dismissal with prejudice in *Mohamad I* that Plaintiffs sought to preserve the possibility of later reviving their claims against Mr. Rajoub. Instead, Plaintiffs' quotation from their voluntary dismissal notice conclusively shows that Plaintiffs sought to preserve claims against only the PA and PLO. *See* Opp. at 10. No amount of *post hoc* interpretation can change the express language of that voluntary dismissal.

Fourth, Plaintiffs entirely bypass the doctrine barring a collateral attack in this case on whether the District of Columbia had jurisdiction over Mr. Rajoub in *Mohamad I*. *See* Mot. at 6-7. The District of Columbia is the only forum in which Plaintiffs could have attempted to retract their dismissal of Mr. Rajoub with prejudice from *Mohamad I*. *See Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 377-78 (1940) (holding that a judgment rendered in a case in which it was ultimately concluded that the district court was without jurisdiction was nonetheless *res judicata*, despite collateral attack); *Nemaizer*, 793 F.2d at 65 ("[I]f the parties could have challenged the court's power to hear a case, then *res judicata* principles serve to bar them from later challenging it collaterally.").

Plaintiffs' resort to "prudential concerns" to avoid *res judicata* is also unavailing.  *See* Opp. at 12-13. Equitable considerations cannot trump the application of *res judicata*. *See San Remo Hotel, L.P. v. City & Cty. of S.F.*, 545 U.S. 323, 345 (2005) ("The doctrine of *res judicata* serves vital public interests beyond any individual judge's *ad hoc* determination of the equities in a particular case . . . [t]here is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*.'") (citation omitted); *Robinson v. Purcell Constr. Corp.*, 647 F. App'x 29, 31 (2d Cir. 2016) ("Plaintiff's complaint that it is 'unfair' to not allow her to bring these claims is unavailing because the application of *res judicata* is not subject to equitable considerations.").[6]

Plaintiffs confirm that they made a strategic decision to dismiss Mr. Rajoub with prejudice from *Mohamad I* as part of a "belt and suspenders" approach to ensure that they could immediately appeal the District of Columbia's dismissal of the entity defendants.  *See* Opp. at 11.  As the Second Circuit has held, "[r]es judicata may not be avoided on the basis of . . . an attorney's ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice." *Samuels*, 942 F.2d at 837.

## II. The Statute of Limitations Bars Plaintiffs' Claims Brought Under New York Law and the TVPA.

N.Y. C.P.L.R. § 207 cannot salvage Plaintiffs' time-barred New York common law claims.  *See* Opp. at 13.  "[U]nder governing New York case law, the tolling provision in § 207 is almost never available to a plaintiff, even to a plaintiff who can show that he unsuccessfully attempted to serve a hard-to-locate defendant out of state."  *Plitman v. Leibowitz*, 990 F. Supp.

---

[6] Plaintiffs fail to cite any cases holding that equitable considerations can overcome *res judicata*.  *See* Opp. at 12-13. Instead, Plaintiffs rely on cases like *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012 (2d Cir. 1976), which, unlike here, involved the preclusive effect of a stipulated dismissal "without prejudice" in the context of the "two dismissal" rule.

4

336, 338 (S.D.N.Y. 1998); *cf. Wultz v. Bank of China Ltd.*, 306 F.R.D. 112, 117 (S.D.N.Y. 2013) ("New York is not especially hospitable to failures to sue within the periods prescribed by law.").

Plaintiffs fail to acknowledge that "New York state and federal courts have strictly applied the exception in § 207(3)." *Plitman*, 990 F. Supp. at 339. C.P.L.R. § 207(3) does not save time-barred claims if, as here, the plaintiff failed to attempt to establish personal jurisdiction over the defendant; indeed, *it is inconsequential if any such attempts would ultimately have been unsuccessful*. *See, e.g.*, *Schmidt v. Polish People's Republic*, 742 F.2d 67, 71 (2d Cir. 1984) (rejecting tolling claim under C.P.L.R. § 207 because "[t]he burden is on the plaintiff to attempt" to establish personal jurisdiction, "a burden which the plaintiffs in the instant case have failed to shoulder"); *Yarusso v Arbotowicz*, 362 N.E.2d 600, 602 (N.Y. 1977) (holding that the plaintiff's failure to attempt to obtain personal jurisdiction over the defendant "makes inapplicable the tolling provisions of CPLR 207"). Further, the Second Circuit explained in *Schmidt* that, because C.P.L.R. § 207 "is largely intended to diminish the incentive to avoid service of process," it is "doubtful" that the provision should apply when there were no attempts to avoid service. *See* 742 F.2d at 71.

Plaintiffs concede they made no effort to establish personal jurisdiction over Mr. Rajoub at any time before they served him with process here, more than twenty years after the alleged events that formed the basis of Plaintiffs' claims. Nor do Plaintiffs make any allegations that Mr. Rajoub attempted to avoid service of process. On these facts, Plaintiffs' tolling argument under C.P.L.R. § 207 fails.

Plaintiffs' equitable tolling argument under the TVPA fails for the same reason. Equitable tolling is proper under the TVPA only "in exceptional circumstances in which parties

5

are prevented in some extraordinary way from exercising [their] rights." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 628 (S.D.N.Y. 2012) (internal quotation marks and citation omitted). While Plaintiffs claim that equitable tolling saves their TVPA claim because "they had no means of establishing jurisdiction over [Mr. Rajoub] until he voluntarily came to the United States" (Opp. at 15), they never even attempted to establish personal jurisdiction. On these facts, Plaintiffs are not entitled to equitable tolling. *See, e.g.*, *Hengjin Sun v. China 1221, Inc.*, 2015 U.S. Dist. LEXIS 128637, at *27 (S.D.N.Y. Aug. 12, 2015) (refusing to apply equitable tolling because "[p]laintiffs have failed to meet their burden of demonstrating reasonable diligence in pursuing their . . . claims and because they have failed to demonstrate extraordinary circumstances that prevented the timely filing of their claims").[7]

### III.  This Court Lacks Personal Jurisdiction Over Mr. Rajoub.

Plaintiffs misread *Burnham* in suggesting that: (1) it held that "tag" service *per se* establishes personal jurisdiction in the state where service is made; and (2) therefore this Court must declare *Burnham* a "dead letter" in order to accept Mr. Rajoub's personal jurisdiction challenge. *See* Opp. at 2-3.

Justice Brennan's plurality opinion in *Burnham* rests on the premise that transient general personal jurisdiction will not lie unless it "comport[s] with contemporary notions of due process." *See* Mot. at 9. Under recent Supreme Court and Second Circuit authority post-dating *Burnham*, due process constraints foreclose jurisdiction over Mr. Rajoub based on tag-service while he was passing through JFK Airport. *See* Mot. at 10 (discussing that, under *Daimler AG v.*

---

[7] Plaintiffs make no allegations of "active concealment" of Mr. Rajoub's whereabouts or alleged involvement in the death of Mr. Rahim, which is generally required for equitable estoppel to apply in the Second Circuit. *See, e.g.*, *Wultz*, 306 F.R.D. at 117 (rejecting equitable estoppel argument because plaintiffs "alleged no facts upon which to conclude that [defendant] has actively concealed its involvement with the PIJ and Hamas, and therefore that plaintiffs are entitled to equitable tolling") (internal quotation marks omitted).

6

*Bauman*, 134 S. Ct. 746 (2014), due process allows general jurisdiction over an individual only in his place of domicile) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* at 760)[8]; *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558-59 (2017) (same; "The Fourteenth Amendment due process constraint described in *Daimler*, however, applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued."); *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017) (same, and reiterating that general jurisdiction can only be exercised where the defendant is "at home"); *cf. Walden v. Fiore*, 134 S. Ct. 1115 (2014) (narrowing test for specific personal jurisdiction by specifying that a court must evaluate a defendant's intentional contacts with the forum itself rather than with its citizens).[9]

Refusing to exercise general personal jurisdiction over Mr. Rajoub comports with *Burnham* and more recent Supreme Court precedent; Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction.[10]

---

[8] New York state courts have recognized that *Daimler* was a "landmark decision," and its holding that "the paradigm jurisdiction for an individual is his or her place of domicile" cannot be "gingerly sidestep[ped]." *Gliklad v. Deripaska*, 2017 N.Y. Misc. LEXIS 1499, at *20 (N.Y. Sup. Ct. Apr. 25, 2017).

[9] While this Court can accept Mr. Rajoub's personal jurisdiction challenge without determining that *Burnham* is no longer good law, these decisions do cast doubt on the ongoing validity of transient jurisdiction, as a whole. *See* Mot. at 11 (citing *Jaramillo v. Naranjo*, 2014 U.S. Dist. LEXIS 138887 (S.D. Fla. Sept. 30, 2014)).

[10] This Court may dismiss this case based on the clear-cut *res judicata* grounds without wading into the constitutional due process issue of personal jurisdiction. As the Supreme Court reiterated in *Camreta v. Greene*, 563 U.S. 692, 705 (2011), "a longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." (internal quotation marks omitted). *See also* Mot. at 4, n.6 (citing cases). Or, as the Second Circuit held in *Center for Reproductive Law & Policy v. Bush*, 304 F.3d 183, 194 (2d Cir. 2002), a court may dispose of a case on the merits without addressing a novel question of jurisdiction if the result of the merits issue is "foreordained." *See also Seale v. INS*, 323 F.3d 150, 157 (1st Cir. 2003) (determining that, under the Second Circuit's decision in *Bush*,

### IV.     Plaintiffs' TVPA Claim Fails.

The TVPA embodies an express requirement that a defendant act on behalf of a "foreign nation."  *See* 28 U.S.C. § 1350 note 2(a) (1991).  No federal court has held that Palestine—or the PA and PLO as its government—is a "foreign nation," and many courts have expressly rejected the argument that Palestine is a foreign state.  Plaintiffs do not dispute these important points.

Plaintiffs urge this Court to be the first to declare the PA a "foreign nation" under the notion that it operates as a *de facto* state (Opp. at 16-18) despite: (1) repeated Executive Branch refusals to recognize Palestine as a sovereign state; (2) the Supreme Court's admonition that "the Judiciary is not responsible for recognizing foreign nations." *Zivotofsky v. Kerry*, 135 S. Ct. 2076, 2091 (2015); *see id.* ("[T]he Executive Branch determines whether the United States will recognize foreign states and governments . . . . "); and (3) decisions (cited in Mr. Rajoub's Motion and ignored by Plaintiffs) squarely holding that neither PA nor PLO is a *de facto* state in the eyes of the United States government or courts.  *See* Mot. at 15-16 & n.n.19-20.

Plaintiffs' reliance on *Kadic v. Karadzic*, 70 F.3d 232 (2d Cir. 1995) to assert that Mr. Rajoub can be held liable under the TVPA because the PA is a "*de facto* state" (*see* Opp. at 16-17) ignores two points made in Mr. Rajoub's Motion that render this argument meritless:  (1) *Kadic* addressed the implicit state-actor requirement for the ATS, not the explicitly mandated "foreign nation" requirement in the TVPA; and (2) *Kadic* held that non-state actors could be liable under the ATS only for genocide and war crimes, neither of which is alleged here.  *See*

---

if the court is satisfied that prior case law "foreordains the outcome on the merits, so as to deny recovery . . . *Steel Co*. undoubtedly permits us to avoid deciding in advance the difficult question of the district court's subject matter jurisdiction . . . [when] we can reach the same result here by a far less complicated and controversial route").  Here, because *res judicata* is "foreordained" by Second Circuit authority in Mr. Rajoub's favor, the Court need not reach the personal jurisdiction issue before dismissing Plaintiffs' Complaint.

8

*also* Mot. at 15 n.18.  The *Kadic* court also noted that the defendant was alleged to have "acted in concert with the former Yugoslavia, the statehood of which is not disputed."  70 F.3d at 245.

Plaintiffs' TVPA claim also fails because Plaintiffs failed to plead sufficient facts to (1) state a claim for TVPA relief; and (2) establish standing under the TVPA.  *See* Mot. at 16-17.[11]

## V. Plaintiffs' Claims for Alleged Violations of the Law of Nations Under 28 U.S.C. Section 1331 Should Be Dismissed.

Plaintiffs fail to acknowledge that *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004), and its progeny, including the decision in *Mohamad I*, rejected claims brought under Section 1331 for alleged violations of the law of nations.  *See* Mot. at 19, n.24 (citing cases).  Plaintiffs invite this Court to be the first to hold that Section 1331 provides a substantive right to relief for an alleged violation of international law.  The Court should decline that invitation.

## VI. Plaintiffs' Common Law Claims Should Be Dismissed.

Plaintiffs' Fourth Claim for Relief (brought under the "forum state's" law) and Fifth Claim for Relief (brought under "West Bank" law) repeat each other word for word, including

---

[11] On the first point, Plaintiffs' Opposition fails to dispute the basic point made in Mr. Rajoub's Motion that there is no allegation that Mr. Rajoub carried out personally, authorized, or had knowledge of Mr. Rahim's alleged torture and killing.  Plaintiffs therefore fail to allege sufficient facts to state a claim for relief under the TVPA.  *See Chowdhury v. Worldtel Bangl. Holding, Ltd.*, 588 F. Supp. 2d 375, 387-88 (E.D.N.Y. 2008) (holding that plaintiffs failed to adequately plead that defendant acted "under color of law" as the TVPA requires because there were no allegations that the defendant "witnessed or even knew that the torture was occurring").

On the second point, Plaintiffs attempt to cure this pleading defect by arguing that they are proper plaintiffs in a wrongful death action under Texas law, and thus have standing under the TVPA.  *See* Opp. at 18.  Regardless of whether these supplemental facts establish proper standing under the TVPA, it is black letter law that "a party may not use his or her opposition to a dispositive motion as a means to amend the complaint." *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007); *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) ("[A] party is not entitled to amend its complaint through statements made in motion papers."). Because Plaintiffs' Complaint failed to allege sufficient facts to demonstrate TVPA standing, their TVPA claim should be dismissed.

listing the exact same causes of action  *See* Compl. ¶¶ 83-104.  The Complaint on its face thus belies Plaintiffs' contention that these two claims are not duplicative—both in fact and law.

Plaintiffs' conclusory claim that the Complaint "adequately alleges" these common law claims is false.  *See* Opp. at 25.  As explained in Mr. Rajoub's Motion, because Plaintiffs failed to plead sufficient facts to show that Mr. Rajoub had anything to do with, or even knowledge of, Mr. Rahim's death, all of these common law causes of action fail as a matter of law.  *See* Mot. at 20.[12]

## CONCLUSION

For each of the foregoing reasons, this Court should dismiss Plaintiffs' Complaint with prejudice.  Mr. Rajoub defers to the Court on the issue of whether oral argument would be helpful in the Court's resolution of these issues.

    Respectfully Submitted:

    *s/ Gassan A. Baloul*
    Gassan A. Baloul (GB-4473)
    SQUIRE PATTON BOGGS (US) LLP
    30 Rockefeller Plaza
    New York, NY 10112
    Telephone:  (212) 872 9800
    Facsimile:  (212) 872 9815
    Email:  gassan.baloul@squirepb.com

    Mitchell R. Berger (MB-4112)
    John A. Burlingame (*pro hac* pending)

---

[12] Plaintiffs failed to respond to Mr. Rajoub's point that their claims brought under "the Law of the West Bank" should also be dismissed because Plaintiffs failed to make a threshold showing that these claims even exist, or, if they do, there is a conflict with New York law.  *See* Mot. at 1, n.2.  *See, e.g.*, *Indep. Order of Foresters v. Donaldson, Lufkin & Jenrette Inc.*, 919 F. Supp. 149, 152 (S.D.N.Y. 1996) ("In New York, it is required that a party wishing to apply the law of a foreign state show how that law differs from the forum state's law . . . [f]ailure to do so results in the application of New York law."); *Weiss v. Hunna*, 312 F.2d 711, 717 n.3 (2d Cir. 1963) ("[I]f plaintiff had been required to rely on Austrian law, it may be that the complaint could have been properly dismissed, since . . . plaintiff introduced no evidence to show that defendant's conduct was tortious under Austrian law.").

                    SQUIRE PATTON BOGGS (US) LLP
                    2550 M Street NW
                    Washington, D.C. 20037
                    Telephone:  (202) 457 5601
                    Facsimile:  (202) 457 6315
                    Email:  mitchell.berger@squirepb.com

*Attorneys for Defendant Jibril Rajoub*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2017, a true and correct copy of the foregoing was electronically filed through the Court's CM/ECF system, which will automatically serve all counsel of record.

*s/ Gassan A. Baloul*
Gassan A. Baloul
