

Squire Patton Boggs (US) LLP
Rockefeller Plaza
30 New York, New York 10112

O  +1 212 872 9800
F  +1 212 872 9815
squirepattonboggs.com

Gassan A. Baloul
T  +1 212 872 9800
gassan.baloul@squirepb.com

July 31, 2017

Hon. Loretta A. Preska
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> **Re:**   ***Asid Mohamad, et al. v. Jibril Rajoub***
> **No. 1:17-cv-02385-LAP (S.D.N.Y.).**

Dear Judge Preska:

Defendant Jibril Rajoub respectfully submits *Owens v. Republic of Sudan*, 2017 U.S. App. LEXIS 13695 (D.C. Cir. July 28, 2017) (attached as Exhibit A) as supplemental authority in support of his Motion to Dismiss ("Motion") [ECF Nos. 12 and 13; *see also* ECF No. 23 (Reply)]. *Owens* reinforces Mr. Rajoub's argument that Plaintiffs cannot satisfy the "state actor" requirement for their Torture Victim Protection Act ("TVPA") claim.

In *Owens*, the D.C. Circuit analyzed Sudan's argument that a claim under the Foreign Sovereign Immunities Act for "extrajudicial killing" was limited by the same "state actor" requirement found in the TVPA. *See* 2017 U.S. App. LEXIS 13695, at *33-39. Of particular relevance in this case, the D.C. Circuit held that "[b]oth statutes [the TVPA and FSIA] also require a plaintiff to show a certain type of nexus <u>to a foreign sovereign</u>. In the TVPA, a state official must act 'under actual or apparent authority, or color of law' <u>of a foreign sovereign</u>." *Id.* at *35 (emphasis added). This holding directly supports Mr. Rajoub's argument that a TVPA claim cannot be based on actions of officials of the Palestinian government when the U.S. does not recognize Palestine as sovereign. *See* Mot. at 14-16; Reply at 8-9.

*Owens* also addressed the interplay between the TVPA and the Alien Tort Statute ("ATS"). 2017 U.S. App. LEXIS 13695, at *37-38. The court recognized that the ATS expressly relies on international law, whereas the TVPA contains an express "state actor" requirement. *Id.* The court also noted that *Kadic v. Karadzic*, 70 F.3d 232 (2d Cir. 1995) stands for the proposition that torture and summary execution—when not perpetrated in the course of genocide or war crimes—are proscribed by international law only when committed by state officials or under color of law. *Id.* This holding, too, supports arguments made in Mr. Rajoub's Motion and Reply. *See* Mot. at 15, n.18; Reply at 8-9.

Hon. Loretta A. Preska                                                        **Squire Patton Boggs (US) LLP**
July 31, 2017
Page 2

Respectfully submitted,

Gassan A. Baloul

cc:      All ECF counsel of record

46 Offices in 21 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.